GREGORY L. WILDE NV Bar No. 004417
WILDE & ASSOCIATES
208 South Jones Blvd.
Las Vegas, Nevada 89107
Telephone: (702) 258-8200
Fax: (702) 258-8787
bk@wildelaw.com

Attorneys for Secured Creditors
VANGUARD FUNDING CORPORATION; VANGUARD MORTGAGE INVESTMENT, LLC; ENTRUST ADMINISTRATION, INC., FBO BOB D'ALESSIO IRA ACCT #11002; and STEPHEN W. SAN MARCHI AND DOLORES A. SAN MARCHI, TRUSTEES OF THE SAN MARCHI FAMILY TRUST DATED 10/20/88

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEVADA

| In re | Bk. No. 09-30276-lbr |
|---|---|
| ZUBIN PUGLIESE PLASENCIA, | Chapter 11 |
| Debtor. | OPPOSITION TO DEBTOR'S MOTION TO VALUE COLLATERAL, "STRIP OFF" AND "CRAM DOWN" THE RIGHTS OF UNSECURED CREDITORS FOR THE PROPERTY ADDRESS LOCATED AT **16687 LYNN STREET**, VICTORVILLE, CA 92395 PURSUANT TO 11 U.S.C. § 506(a) AND § 1123 |
| | Date: January 6, 2010 |
| | Time: 9:30 a.m. |

Secured Creditors VANGUARD FUNDING CORPORATION; VANGUARD MORTGAGE INVESTMENT, LLC; ENTRUST ADMINISTRATION, INC., FBO BOB D'ALESSIO IRA ACCT #11002; and STEPHEN W. SAN MARCHI AND DOLORES A. SAN MARCHI, TRUSTEES OF THE SAN MARCHI FAMILY TRUST DATED 10/20/88, the first trust deed holders on real property located at 16687 Lynn Street, Victorville, CA 92395, hereby submit the following objections to the Debtor's *improperly noticed* Motion to Value Collateral,

"Strip Off" and "Cram Down" the Rights of Unsecured Creditors for the Property Address Located at **16687 Lynn Street, Victorville, CA 92395** Pursuant to 11 U.S.C. § 506(a) and § 1123.

1. These objecting Secured Creditors hold the <u>first</u> trust deed securing note in the original amount of $290,500.00 on real property generally described as 16687 Lynn Street, Victorville, CA 92395. Debtor has been collecting rents from this property without court approval.

2. On or about **October 27, 2009**, Debtor filed the instant Chapter 11 Bankruptcy proceeding in this Court. <u>Debtor and his attorney failed to give notice to Secured Creditors</u> of the instant <u>second</u> bankruptcy. *Debtor has also <u>not</u> filed and served Movants with a motion to extend the automatic stay pursuant to U.S.C.§362(c)(3).*

3. On **May 7, 2009**, Debtor filed the <u>first</u> Chapter 13 petition, case no. 09-17322-mkn. Secured Creditors filed a Motion for Relief from Stay on June 16, 2009. On June 12, 2009, Movant filed a proof of claim in the total amount of **$332,715.42**. On July 7, 2009, Debtor filed an Opposition to Secured Creditors' Motion for Relief and on July 13, 2009, Secured Creditors filed a Reply to Debtor's Opposition. On July 13, 2009, Debtor filed an Objection to Claim 8-1 and Secured Creditors filed an Opposition to Debtor's Objection on August 11, 2009. The Chapter 13 Trustee filed an Opposition to Confirmation of Plan Combined with Trustee's Recommendation for Dismissal on June 22, 2009. Secured Creditors also filed an Opposition to Debtor's Motion to Confirm First Amended Chapter 13 Plan on July 9, 2009, <u>as Debtor unsuccessfully attempted to strip Secured Creditors' lien in his Chapter 13 Plan</u>. On October 2, 2009, that case was dismissed because Debtor was not eligible to file a Chapter 13.

4. Secured Creditors have elected to initiate foreclosure proceedings on the subject Property with respect to the subject Trust Deed, and a Notice of Default and Election to Sell was recorded on October 15, 2009. However, Secured Creditors are precluded from completing their

2

foreclosure action during the pendency of the instant bankruptcy case.

5. The Debtor is using cash collateral generated from this rental property securing Secured Creditors' debt without the Court's permission in violation of Secured Creditor's loan instruments. 11 U.S.C. §363(c)(2) prohibits such unauthorized use of cash collateral. See <u>Matter of Kain</u>, 86 B.R. 506 (Bkrtcy.W.D.Mich. 1988). See <u>In re Tucson Industrial Partners,</u> 129 B.R. 614 (9th Circuit. 1991), vacated as moot 990 F.2d 1099 (9th Cir. 1993). The <u>Tucson Industrial</u> case, though vacated, properly noted that in resolving questions concerning assignment of rents, that Arizona statute A.R.S. §33-702 (B) is the relevant statute in determining this creditor's rights in Arizona under 11 U.S.C. 363(1)(2).

6. Assignments of rent for security are treated as interests in real property. Secured Creditors' interest in rents was properly perfected, in accordance with state law, on the date of Debtor's bankruptcy and was not subject to avoidance under bankruptcy strong-arm statute, where a deed of trust holder had recorded assignment in real property records as provided by statute. See <u>In re Scottsdale Medical Pavillion,</u> 159 BR 295 (9th Cir. BAP 1993).

7. If the Court finds that the Debtor-in-Possession has failed to fulfill his statutory duty under the Code to segregate cash collateral derived from the subject -property and that the Debtor has spent cash collateral without Secured Creditors' or the Court's prior approval, Secured Creditors request that this Court fashion an appropriate order against the Debtor for such unauthorized use, if any, and prohibit further use of cash collateral by the Debtor. See <u>In re Williams,</u> 61 B.R. 567 (Bkrtcy. N.D.Tex. (1986).

8. The valuation/appraisal submitted with an alleged value of $71,500.00 by the Debtor is not supported by a competent sworn declaration and consists solely of Debtor's counsel's statement. Mr. Samuel A. Schwartz <u>is not competent to testify about the value of the subject</u>

property. As such, it contains inadmissible hearsay (FRE 801), and lacks foundation (FRE 602) as follows:

(a) Counsel is attempting to testify as a witness to acts done by others. He is not competent to do so. He cannot, and does not, allege personal knowledge sufficient to allow him to testify to the facts alleged. Thus, the Debtor's Motion should be stricken in its entirety.

(b) In addition, Exhibit "B attached to the Debtor's Motion is likewise inadmissible, in that counsel is not competent to testify to its authenticity [FRE 602 and FRE 901(a)]. Accordingly, any reference to the appraisal in the Debtor's motion should be stricken and the motion denied on that ground alone, as the Debtor's motion is fatally defective.

9. Debtor lists the value of the subject property as only $71,500.00. However, Movant obtained a broker's price opinion <u>for a considerably larger amount of $95,000.00</u> on April 7, 2009. It is Secured Creditors' contention that while admitted there is no equity for the Debtor in the subject property, the value listed for this property by the Debtor's motion is grossly under the actual current market value. The Debtor's motion has all the earmarks of a "rush job" intended to revalue various lenders' liens without due process.

10. Secured Creditors further assert that the Debtor's alleged service of the Motion to Value Collateral, "Strip Off" and "Cram Down" the Rights of Unsecured Creditors for the Property Address Located at 16687 Lynn Street, Victorville, CA 92395 Pursuant to 11 U.S.C. § 506(a) and § 1123 fails to satisfy the requirements of Federal Rule of Bankruptcy Procedure 7004(b)(3) and due to this defect, Secured Creditors move the Court to strike that portion.

11. Debtor did not serve the purported Motion to Value Collateral in accordance with Rule 7004(b)(3). Service did not satisfy the requirements for adequate service upon Secured Creditors. Rule 7004(b)(3) provides in relevant part:

4

"Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows:

(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint <u>to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process</u> and, if the agent is one authorized by statute to receive service and the statute so requires, <u>by also mailing a copy to the defendant</u>."

12. The purported service of the Motion to Value Collateral does not comply with the requirement to serve the entire pleadings to the attention of an officer or other agent authorized as provided in Rule 7004(b)(3). In <u>In re Schoon</u>, 153 B.R. 48, 49 (Bankr. N.D. Cal. 1993), the court held that nationwide service of process by first class mail is a rare privilege which should not be abused or taken lightly and, thus, the service has to be made to a <u>specifically named</u> officer. "Where the alternative to service by mail is hiring a process server to serve the papers in person, it seems like a small burden to require literal compliance with the rule." <u>Schoon</u>, 153 B.R. at 49; <u>see also</u> <u>Addison v. Gibson Equipment Co., Inc., (In re Pittman Mechanical Contractors, Inc.)</u>, 180 B.R. 453, 457 (Bankr. E.D. Va. 1995) ("Strict compliance with this notice provision in turn serves to protect due process rights as well as assure that bankruptcy matters proceed expeditiously.").

13. Even a less strict interpretation of Rule 7004(b)(3), adopted by other courts, requires more than the service reflected on Debtor's proof of service of the Motion to Value Collateral. In <u>Schwab v. Associates Commercial Corp.</u> (In re C.V.H. Transport), 254 B.R. 331 (Bankr. M.D. Pa. 2000), the bankruptcy court ruled that a trustee's complaint could be properly served by addressing it to the attention of an officer, managing or general agent, without specifically naming the

individual officer or managing or general agent. See also Fleet Credit Card Services, L.P., v. Tudor (In re Tudor), 282 B.R. 546, 550 (Bankr. S.D. Ga. 2002).

14. Debtor's alleged service does not specify a person or even an officer of Vanguard, only one of their California attorneys. Further, Debtor's proof of service failed to state that a copy of the Motion to Value Collateral was mailed to Secured Creditors. *Instead the Debtor's proof of service lists service on Vanguard Funding as follows:*

> *Vanguard Funding*
> *Attention: Officer or Director*
> *Attention: Edward G. Schloss*
> *3637 Motor Ave., Suite 220*
> *Los Angeles, CA 90034.*

Attorney Edward G. Schloss is neither an officer or director of Vanguard Funding, which is located in Anaheim, California. The service is insufficient under the plain wording of Rule 7004(b)(3). See In re Villar, 317 B.R. 88 (9th Cir. BAP 2004). *Obviously, Debtor and his counsel of record are unfamiliar with the holdings of the Villar Court, which held that service on a creditor's attorney alone is fatally defective.* Accordingly, due to the insufficient service of process and notice the Court should strike the motion, or in the alternative, order the Debtor to re-serve and re-notice the Motion to Value Collateral in accordance with Rule 7004(b)(3).

CONCLUSION

Movant respectfully requests that this Court strike and dismiss Debtor's motion as it is based on inadmissible statements by Debtor's counsel and the service of the Debtor's motion is *fatally* defective.

///

///

///

6

WHEREFORE, Secured Creditor prays as follows:

(1) That Debtor's Motion be stricken and dismissed.

(2) For attorneys' fees and costs incurred herein.

(3) For such other relief as this Court deems proper.

DATED: 1/4/2010

_____
GREGORY L. WILDE
WILDE & ASSOCIATES
208 South Jones Blvd.
Las Vegas, Nevada 89107
(702) 258-8200

S:\OPP\plasencia.mottovalue.OPP.doc

1  GREGORY L. WILDE NV Bar No. 004417
   WILDE & ASSOCIATES
2  208 South Jones Blvd.
   Las Vegas, Nevada 89107
3  Telephone: (702) 258-8200
   Fax: (702) 258-8787
4  bk@wildelaw.com
5
   Attorneys for Secured Creditors
6  VANGUARD FUNDING CORPORATION; VANGUARD MORTGAGE INVESTMENT, LLC;
   ENTRUST ADMINISTRATION, INC., FBO BOB D'ALESSIO IRA ACCT #11002; and
7  STEPHEN W. SAN MARCHI AND DOLORES A. SAN MARCHI, TRUSTEES OF THE SAN
   MARCHI FAMILY TRUST DATED 10/20/88
8
9                         UNITED STATES BANKRUPTCY COURT
10                           SOUTHERN DISTRICT OF NEVADA

11 | In re                          | Bk. No. 09-30276-lbr
12 |                                |
   | ZUBIN PUGLIESE PLASENCIA,      | Chapter 11
13 |                                |
   |         Debtor.                | CERTIFICATE OF SERVICE
14 |                                |
   |                                | Date: January 6, 2010
15 |                                | Time: 9:30 a.m.

16     On 1/4/2010 *(date)* I served the following documents(s) *(specify)*:

17 OPPOSITION TO DEBTOR'S MOTION TO VALUE COLLATERAL, "STRIP OFF" AND
18 "CRAM DOWN" THE RIGHTS OF UNSECURED CREDITORS FOR THE PROPERTY
   ADDRESS LOCATED AT **16687 LYNN STREET**, VICTORVILLE, CA 92395 PURSUANT
19 TO 11 U.S.C. § 506(a) AND § 1123

20     I served the above-named document(s) by the following means to the persons as listed
21 below:
22
23 *(Check all that apply)*

24 ■ **a. ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and*

25 *addresses and attach additional paper if necessary)*

26 **Nikoll Nikci, nik@schwartzlawyers.com**

Samuel A. Schwartz, sam@schwartzlawyers.com
U.S. Trustee – LV - 11, USTPRegion17.lv.ecf@usdoj.gov

■ b. **United States mail, postage fully prepaid**
   *(List persons and addresses. Attach additional paper if necessary)*

Debtors:
Zubin Pugliese Plasencia
452 East Silverado #346
Las Vegas, NV 89183

☐ c. Personal Service (List persons and addresses. Attach additional paper if necessary)

   I personally delivered the document(s) to the persons at these addresses:

☐ For a party represented by an attorney, delivery was made by handing the document(s) to

   the attorney's office with a clerk or other person in charge, or if no one is in charge by

   leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the

   document(s) at the person's dwelling house or usual place of abode with someone of

   suitable age and discretion residing there.

☐ d. **By direct mail (as opposed to through the ECF System)**

   *(List persons and email addresses. Attach additional paper if necessary)*

   Based upon the written assignment of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ e. **By fax transmission**

   *(List persons and fax numbers. Attach additional paper if necessary)*

   Based upon the written assignment of the parties to accept service by fax transmission or a

2

1  court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was

2  reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

3  ☐ **f. By messenger**

4  *(List persons and addresses. Attach additional paper if necessary)*

5  I served the document(s) by placing them in an envelope or package addressed to the persons

6  at the addresses listed below and providing them to a messenger for service.

7  

8  *( A declaration by the messenger must be attached to this Certificate of Service).*

9  **I declare under penalty of perjury that the foregoing is true and correct.**

10 

11 Signed on *(date)*: 1/4/2010

12 ___Jamie Miller___                          ___/s/ Jamie Miller___
   (NAME OF DECLARANT)             (SIGNATURE OF DECLARANT)

13

24 S:\ROG\POS\NV11BLSsouth.plasencia.POS.doc

3